IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff

vs

SHAO LIN HUANG
Defendant

CRIMINAL 05-0065CCC

**O R D E R**

  Before the Court are the Motion to Suppress filed by defendant Shao Lin Huang on April 18, 2005 (docket entry 19) and the United States' response filed on April 29, 2005 (docket entry 22). Defendant Huang, who has been charged in a two-count indictment with failing to depart the United States after the issuance of a final order of removal in violation of 8 U.S.C. §1253 and of being an illegal alien in possession of firearms in violation of 18 U.S.C. §922(g), seeks suppression of the two firearms seized at his house claiming that they were obtained in violation of the Fourth Amendment's protection against unreasonable searches and seizures. He also seeks suppression of a statement that followed the search, where he admits having purchased the firearms, for being the "fruit of the poisonous tree."

  The matter was referred to U.S. Magistrate-Judge Arenas on April 27, 2005 (docket entry 20) who, after hearing the testimony of two of the arresting agents and of defendant, recommended on June 28, 2005 that the suppression motion be granted. While the Magistrate-Judge found that the arrest of the defendant was valid, he concluded that the search that followed it was illegal as it was neither justified as being incidental to the arrest nor did defendant voluntarily consent to it. See Magistrate-Judge's Report and Recommendation (docket entry 31). His Report and Recommendation remains unopposed by the government.

  Having reviewed the transcript of the testimony of the two agents that participated in defendant's arrest, it is apparent that defendant was arrested at the entrance to his house. Thus, the search of defendant's bedroom that followed his arrest may not be validated as being incidental to it since it was not confined to the immediate vicinity of the arrest. Vale v.

Louisiana, 399 U.S. 30, 33-35, 90 S.Ct. 1969, 1971-72 (1970). Neither does it classify as a security sweep, as it was not "narrowly confined to a cursory visual inspection of those places in which a person might be hiding." United States v. Paradis, 351 F.3d 21, 29 (1st Cir. 2003). Indeed, the agents searched drawers and even the pockets of defendant's shirts and pants. Not surprisingly, then, both agents tried to justify their search as having been consented by defendant after they expressed the need to obtain his travel documents. However, the facts established by the agents' testimony at the hearing do not support this contention either, even when crediting their version of events as it relates to the consent issue. After all, the consent was admittedly obtained after defendant had been handcuffed and when the search was already ongoing, defendant was only cursory advised (if at all) of his right to refuse consent, and there was obviously a language issue as one of the agents acknowledged that defendant spoke heavily-accented Spanish which at times was very difficult to understand and none of them were able to speak Cantonese, his native tongue, a situation that eventually prompted the use of an interpreter to advise defendant of his rights when he was transported to the office of the Bureau of Immigration and Customs Enforcement in San Patricio. Given these circumstances, it would be unrealistic to conclude that his consent was "the product of an essentially free and unconstrained choice." Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973); United States v. Chhien, 266 F.3d 1, 7 (1st Cir. 2001).

Accordingly, the Magistrate-Judge's Report and Recommendation (**docket entry 31**) is APPROVED and ADOPTED, defendant's Motion to Suppress (**docket entry 19**) is GRANTED, and the two firearms seized at defendant's house and his subsequent statement admitting having purchased those firearms[1] are ORDERED SUPPRESSED.

---

[1] With regard to this statement, we note that the government never showed that intervening events broke the causal connection between the illegal search and the statement so that the latter were "'sufficiently an act of free will to purge the primary taint.'" Taylor v. Alabama, 457 U.S. 687, 690, 102 S.Ct. 2664, 2667 (1982) (quoting Brown v. Illinois, 422 U.S. 590, 602, 95 S.Ct. 2254, 2261 (1975)). As the Supreme Court has made clear, "the prosecution must show a sufficient break in events to undermine the inference that the confession was caused by the Fourth Amendment violation." Oregon v. Elstad, 470 U.S. 298, 306, 105 S.Ct. 1285, 1292 (1985).

CRIMINAL 05-0065CCC                              3

      The Motion Requesting Court to Adopt Magistrate's Report and Recommendation and to Dismiss Count Two of the Indictment filed by defendant Huang on July 12, 2005 (**docket entry 33**) is NOTED.  The United States shall show cause by AUGUST 1, 2005 why, in light of the items suppressed, Count Two of the Indictment should not be dismissed.

      SO ORDERED.

      At San Juan, Puerto Rico, on July 27, 2005.

                                                  S/CARMEN CONSUELO CEREZO  
                                                  United States District Judge